IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN THOMPSON,

    Plaintiff,

v.                                                               No. 1:23-cv-01046-JFR

AMPLER CHICKEN LLC,
SAMANTHA RODNEY and
BRITTANY GONZALES,

    Defendants.

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE
AND ORDER TO CURE DEFICIENCY**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed November 21, 2023, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed November 21, 2023.

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Complaint fails to show that the Court has diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758

(10th Cir.2006). Plaintiff, who resides in New Mexico, asserts that the Court has diversity jurisdiction over this matter and alleges that Defendant Ampler Chicken LLC is a Delaware corporation with its principal place of business in Georgia. *See* Complaint at 2. Plaintiff also alleges that Defendants Rodney and Gonzales' addresses are unknown but that they "can be located at any location in Albuquerque, NM or 2307 Juan Tablo Blvd NE, Albuquerque, NM 87112." Complaint at 2. Plaintiff has not shown that complete diversity of citizenship exists between Plaintiff and Defendants because the Complaint does not contain factual allegations showing that Defendants Rodney and Gonzales are citizens of other states.

The Complaint also fails to show that the Court has federal question jurisdiction because there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Plaintiff asserts the Court has jurisdiction, Plaintiff must file an amended complaint that alleges facts supporting jurisdiction.

**Order to Cure Deficiency**

Plaintiff filed a motion to proceed *in forma pauperis* using the form "Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)" ("Short Form Application"). *See* Doc. 2, filed November 21, 2023. The Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the

required fees.  The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application").  Failure to file a Long Form Application within twenty-one (21) days from entry of this order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis*.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case for lack of jurisdiction; and (b) file amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application may result in dismissal of this case.

(iii) The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

_____
**UNITED STATES MAGISTRATE JUDGE**