IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYAN THOMPSON,

    Plaintiff,

v.                                                              No. 1:23-cv-01046-KWR-JFR

AMPLER CHICKEN LLC,
SAMANTHA RODNEY and
BRITTANY GONZALES,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    Plaintiff, who is proceeding *pro se,* asserted state-law claims against his former employer and two of the employer's employees. *See* Complaint, Doc. 1, filed November 21, 2023. The Complaint states the Court has diversity jurisdiction over this case and does not assert any claims arising from federal law.

    As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

    United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

> The Complaint fails to show that the Court has diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). Plaintiff, who

> resides in New Mexico, asserts that the Court has diversity jurisdiction over this matter and alleges that Defendant Ampler Chicken LLC is a Delaware corporation with its principal place of business in Georgia. *See* Complaint at 2. Plaintiff also alleges that Defendants Rodney and Gonzales' addresses are unknown but that they "can be located at any location in Albuquerque, NM or 2307 Juan Tablo Blvd NE, Albuquerque, NM 87112." Complaint at 2. Plaintiff has not shown that complete diversity of citizenship exists between Plaintiff and Defendants because the Complaint does not contain factual allegations showing that Defendants Rodney and Gonzales are citizens of other states.
>
> The Complaint also fails to show that the Court has federal question jurisdiction because there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law").

Order to Show Cause at 1-2, Doc. 5, filed November 29, 2023. Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. *See* Order to Show Cause at 2, 4 (quoting Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action")).

The Amended Complaint does not allege facts showing the Court has jurisdiction over this case. Plaintiff's Amended Complaint states the Court has diversity jurisdiction because the amount in controversy exceeds $75,000. Amended Complaint at 2, Doc. 8, filed December 6, 2023. The Amended Complaint states Plaintiff resides in New Mexico, Defendant Ampler is a Delaware corporation with its principal place of business in Georgia, and Defendant Gonzales resides in Texas. *See* Amended Complaint at 5-6. The Amended Complaint also states Defendant Rodney "frequents her district and can be served at any location in Albuquerque, NM" but does not allege that Defendant Rodney is a citizen of a state other than New Mexico. *See* Amended Complaint at 5-6. Consequently, the Amended Complaint does not allege facts

showing that complete diversity of citizenship exists between Plaintiff and Defendants because the Complaint does not contain factual allegations showing that Defendants Rodney is a citizen of state other than New Mexico.  The Amended Complaint does not assert, and does not allege facts supporting, federal question jurisdiction.

Plaintiff has not shown that the Court should not dismiss this case for lack of jurisdiction. Plaintiff did not file a separate response to Judge Robbenhaar's Order to Show Cause, but the section of the Amended Complaint titled "Jurisdiction" asserts jurisdiction is proper because "substantial events occurred in the District," Defendant Ampler knowingly hired Plaintiff in Albuquerque and chose to terminate him here, "holding the case in New Mexico ensures that Ampler is held accountable for violating local laws and respecting the rights of New Mexicans," and "bringing the case in New Mexico allows [Plaintiff] to be heard and fight for justice within the community he calls home."  Amended Complaint at 2-3.  Plaintiff did not cite any legal authority that would allow the Court to exercise jurisdiction when there is not complete diversity of citizenship between Plaintiff and Defendants.  The Court is bound by and cannot disregard Tenth Circuit precedent.  *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"); *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006) (To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000").

The Court dismisses this case without prejudice for lack of jurisdiction.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over

the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

Plaintiff filed a "Motion to Proceed with E-Filing Through PACER" stating he "does not have the necessary software or expertise to file documents electronically through the CM/ECF system." Doc. 9, filed December 6, 2023 ("Motion"). The Court denies Plaintiff's Motion because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Motion to Proceed with E-Filing Through PACER, Doc. 9, filed December 6, 2023, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**